

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

July 10, 1964

Honorable W. G. Woods, Jr.
County Attorney
Liberty County
Liberty, Texas

Opinion No. C-280

Re: Whether it is the duty
of the County or Dis-
trict Attorney to repre-
sent individual petition-
ers in alcoholism commit-
ment cases under Article
5561c, V.C.S.

Dear Mr. Woods:

You requested an opinion of this office on the following question:

"Is there a duty upon a County or
District Attorney to represent an
individual petitioner, not acting for
a governmental agency, who files a
petition under authority of Article
5561c, V.C.S., asking that an alco-
holic person be remanded for treat-
ment to the custody of the Texas
Commission on Alcoholism."

Article 5, Section 21, Texas Constitution, provides
as follows:

"A County Attorney, for counties in
which there is not a resident Criminal
District Attorney, shall be elected by
the qualified voters of each county,
who shall be commissioned by the Gover-
nor, and hold his office for the term
of four years. In case of vacancy the
Commissioners Court of the county shall
have the power to appoint a County
Attorney until the next general elec-
tion. The County Attorneys shall repre-
sent the State in all cases in the Dis-
trict and inferior courts in their res-
pective counties; but if any county
shall be included in a district in
which there shall be a District Attor-
ney, the respective duties of District

-1341-

> Attorneys and County Attorneys shall
> in such counties be regulated by the
> Legislature. The Legislature may
> provide for the election of District
> Attorneys in such districts, as may
> be deemed necessary, and shall hold
> office for a term of four years, and
> until their successors have quali-
> fied." (Emphasis supplied.)

Section 1 of Article 5561c of Vernon's Civil Statutes, which provides for the care and treatment of alcoholics, sets forth the purposes of the Act and states:

> ". . .Alcoholism is hereby recog-
> nized as an illness and a public health
> problem affecting the general welfare
> and the economy of the State. . . .
> It is hereby declared that the proce-
> dure for commitment of alcoholics as
> hereinafter provided for is not puni-
> tive but is a committal for treatment
> of an illness affecting not only the
> individual but the public welfare as
> well."

The emergency clause of the Act in question states, in part:

> ". . . and the fact that the State's
> facilities are not adequate to treat and
> rehabilitate alcoholics; and the fact
> that there is no public problem more
> important or pressing than this; and
> the further fact that this is one of
> the major problems confronting the
> nation as a whole, create an emer-
> gency. . . ." (Emphasis supplied.)

Section 9 of the Act provides for the remand of an alcoholic to the Commission on alcoholism for treatment, when it has been properly shown to the Court, upon petition filed by the alleged alcoholic's husband, wife, child, mother, father, next of kin, next friend, or the county health officer, that such person is an alcoholic. Section 12 provides that the judge of the Court, upon finding a person guilty of a misdemeanor, which violation resulted from such person's chronic and habitual use of alcohol, may remand such person, if over eighteen years of age, to the Commission for care and treatment, in lieu of the imposition of the sentence.

Article 5561c clearly reveals that the State of Texas is an interested party in the care and treatment of alcoholics. As the Constitution provides that the County and District Attorneys shall represent the State in all cases in the courts, it is our opinion that it is the duty of such officials to represent the State in alcoholism commitment cases. In answer to your specific question, as worded, we are unable to find a constitutional or statutory provision that places a duty upon a county or district attorney to represent private individuals in Court.

## S U M M A R Y

Under the provisions of the Act on Alcoholism (Article 5561c of Vernon's Civil Statutes) it is the duty of county and district attorneys to represent the interest of the State of Texas in alcoholic commitment cases. It is not the duty of such officials to represent private individuals in Court.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: Sam Kelly
Sam Kelly
Assistant

Gordon C. Cass
Assistant

SK,GCC/jp

APPROVED:

OPINION COMMITTEE,
W. V. Geppert, Chairman
Jerry Brock
George Gray
Lonnie Zwiener
Arthur Sandlin

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone                    -1343-